UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH CASTATOR,

        Plaintiff,

   v.                                      Case No. C-1-05-174

LUND INTERNATIONAL, INC.,

        Defendant.

**ORDER**

This matter is before the court upon defendant's motion to dismiss plaintiff's complaint (doc. 3), plaintiff's motion for extension of time (doc. 6), plaintiff's motion for leave to file first amended complaint (doc. 7), and defendant's motion for order adopting defendant's original motion to dismiss plaintiff's complaint as its responsive pleading to plaintiff's first amended complaint (doc. 10).

**I. Background**

Plaintiff filed the complaint in this action in the Butler County, Ohio Court of Common Pleas on November 22, 2004 (doc. 1, exh. A). The action was removed to this court under the court's diversity jurisdiction. Plaintiff makes the allegations set forth in this section of the court's Order in the original complaint: Plaintiff was formerly employed by defendant Lund International, Inc. (Lund) as a Purchasing Manager/Buyer. On June 4, 2003, she sustained an injury to her wrist, hand and right arm in the course and scope of her employment with defendant.

Within the time required by law, she filed an Application with the Ohio Bureau of Workers Compensation (Ohio BWC). On September 9, 2003, she filed a "First Report of an Injury Occupational Disease or Death" with the Administrator, requesting that her claim be approved for the condition of wrist sprain. Plaintiff filed another claim for benefits and allowance of the conditions of carpal tunnel syndrome and neuropathy, among others, on September 3, 2004.

On or about May 20, 2004, Lund sent plaintiff a letter notifying her that she was "involuntarily terminated, effective immediately." Plaintiff received the letter on May 24, 2004. Plaintiff's discharge was involuntary and without justification and was clearly in retaliation for plaintiff pursuing a claim of benefits with the Ohio BWC. Plaintiff's health insurance benefits were also to be terminated, leaving plaintiff without adequate health care for her family. On July 22, 2004, plaintiff, through her attorney, wrote Lund and notified it that it was violating Ohio Rev. Code § 4123.90.

From May 24, 2004 to the present, plaintiff has been without employment in violation of her rights under Ohio Rev. Code § 4123.90. At all times relevant, plaintiff has been ready, willing and able to return to full-time status with minimal restrictions. Plaintiff claims that her discharge violated § 4123.90 and the public policy of the State of Ohio. She seeks relief in a sum in excess of $25,000.00.

## II. The parties' motions

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that plaintiff's statutory claim under § 4123.90 for retaliatory discharge is time-barred by the 180-day limitations period for filing such a claim set forth in the statute. Defendant further contends that plaintiff has not stated a claim for violation of Ohio public policy because she has

an adequate remedy under § 4123.90.

Plaintiff subsequently filed a motion for leave to file first amended complaint (doc. 7), a proposed first amended complaint (doc. 8), and a memorandum in opposition to Lund's motion to dismiss the original complaint (doc. 9).  In the proposed amended complaint, plaintiff substitutes the term "elimination of her position" for the terms "involuntarily terminated" and "discharge" used in the original complaint.  Plaintiff reasserts in the proposed amended complaint that her "discharge" from full-time duty at Lund violated § 4123.90, and she claims that defendant's action violated Ohio public policy "when Plaintiff's position of [sic] eliminated because of her decision to exercise her rights to appeal and participate in the workers' compensation fund . . . ."

### III. Opinion

Neither party has raised the issue of whether the court has jurisdiction over the subject matter of this action.  The court therefore finds it necessary to raise the issue *sua sponte*.  **See In re Lewis,** 398 F.3d 735, 739 (6th Cir. 2005) (citing **Cmty. Health Plan of Ohio v. Mosser***,* 347 F.3d 619, 622 (6th Cir. 2003) (the existence of subject matter jurisdiction may be raised at any time, and the issue may be raised *sua sponte* by the court itself)).  For the reasons stated below, the court finds that it is clear from a review of the pleadings that subject matter jurisdiction is lacking in this case.

Plaintiff's § 4123.90 claim arises under the workers' compensation laws of Ohio. Section 4123.90 provides, in pertinent part, that:

> No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer.

Plaintiff's public policy claim, which is simply a restatement of her claim under § 4123.90, likewise arises under the Ohio workers' compensation laws. Federal law precludes a party from removing to federal district court "[a] civil action in any State court arising under the workmen's compensation laws of such State . . ." 28 U.S.C. § 1445(c). Where a case has been improperly removed from state court, the district court lacks subject matter jurisdiction over the removed case. ***See, e.g., First Nat. Bank of Pulaski v. Curry,*** 301 F.3d 456, 467 (6th Cir. 2002); ***Federal Nat. Mortg. Ass'n v. LeCrone,*** 868 F.2d 190, 191 (6th Cir. 1989). Because this case was improperly removed pursuant to § 1445(c), the court lacks jurisdiction over the subject matter of the action. Accordingly, the court will not rule on the motions filed by the parties to this action but will instead remand the case to the state court.

## IV. Conclusion

This case is hereby **REMANDED** to the Butler County, Ohio Court of Common Pleas and is **TERMINATED** on the docket of this court at defendant's cost.

**IT IS SO ORDERED.**

```
S/ Herman J. Weber
       HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT
```

J:\HJWA\05-174dismissPUB.wpd