UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH J. CASTATOR,

    Plaintiff,

  v.              C-1-05-174

LUND INTERNATIONAL, INC.,

    Defendant.

## ORDER

### I. Introduction

  This matter is before the Court upon defendant's motion to reconsider the Court's Order of June 16, 2005, remanding this case to the Butler County, Ohio Court of Common Pleas (doc. 19).  Defendant argues that contrary to the Court's ruling, the Court does have subject matter jurisdiction over this action because courts have uniformly held that 28 U.S.C. Section 1445(c), which prohibits the removal of suits arising under workers' compensation laws, is procedural and does not divest the Court of subject matter jurisdiction.  Defendant acknowledges that the Sixth Circuit apparently has not considered this issue.  Defendant argues, however, that there is no reason to believe that the Sixth Circuit would come to a different conclusion than that reached by the courts that have done so and have determined that improper removal of a case under 28 U.S.C. § 1445(c) is a procedural defect.

Plaintiff opposes defendant's motion (doc. 16). Plaintiff contends that the motion is untimely because defendant filed it eleven days after entry of the Court's judgment instead of within the ten days prescribed under Fed. R. Civ. P. 59(e). Plaintiff argues that notwithstanding the untimeliness of the motion, it is appropriate that the case remain in the Butler County, Ohio Court of Common Pleas because the operative facts occurred there, another lawsuit based on the same operative facts is currently pending in the state court, and removal to federal court would impose additional financial strains on the parties.

In its reply memorandum (doc. 17), defendant contends that it did timely file the motion pursuant to Fed. R. Civ. P. 6(a), which excludes intermediate Saturdays, Sundays and legal holidays from the time computation when the period of time allowed is less than eleven days. Defendant argues that plaintiff cannot refute that removal defects based on § 1445(c) have been uniformly held to be procedural defects that do not divest the federal court of subject matter jurisdiction.

## II. Opinion

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." **Meekison v. Ohio Dept. of Rehabilitation and Correction,** 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing **Harsco Corp. v. Zlotnicki,** 779 F.2d 906, 909 (3d Cir. 1985)).

Defendant has not presented a valid justification for the Court to reconsider its remand Order.  The Court carefully considered the issue of whether subject matter jurisdiction exists in this case before issuing its remand order.  Although the Court had reviewed the decisions of other federal courts that have reached a different conclusion on this issue, the Court remained unconvinced that removal of a case in contravention of § 1445(c) is a procedural defect.  Defendant has not cited any intervening authority that shows that the Court made a manifest error of law in reaching the result it did.

For these reasons, defendant's motion to reconsider is **DENIED.**

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
UNITED STATES DISTRICT COURT

J:\HJWA\05-174reconPUB.wpd